UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00210-GNS-HBB

BRENDA GRAHAM,
as Administrator of the Estate of Norman Graham                                         PLAINTIFF

v.

TODD COUNTY et al.                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion to Dismiss on filed by the Estate of Vernan Albro (DN 71) and Plaintiff's Motion for Reconsideration (DN 77). The motions are ripe for adjudication.

### I.   BACKGROUND

On June 30, 1980, Plaintiff Norman Graham ("Graham") discovered the body of his girlfriend, Janice Kaye Williams ("Williams"), raped and murdered. (2d Am. Compl. ¶ 1, DN 29). Graham cooperated with law enforcement during the initial investigation. (2d Am. Compl. ¶¶ 23-29). Alternate suspects were identified and investigated by law enforcement officers Vernon Albro ("Albro"), Robert Miller ("Miller"), Steven Silfies ("Silfies")—all employed by the Kentucky State Police ("KSP")—and Laurin Morris ("Morris"), former Todd County Sheriff. The investigation of the alternate suspects, however, was withheld from prosecutors, Graham, and his counsel. (2d Am. Compl. ¶¶ 33-36). Albro was informed that Williams had received a threatening note prior to her death, and Albro and Miller were further apprised that Graham's neighbor had received threatening calls after Williams' death. (2d Am. Compl. ¶¶ 37-38). Graham was not found to be connected to either occurrence, but further agreed to participate with Morris in an interrogation involving hypnosis. (2d Am. Compl. ¶¶ 37-41).

1

Charges were brought against Graham in 1981.  (2d Am. Compl. ¶ 30).  The trial ended with a hung jury on the murder charge.  (2d Am. Compl. ¶¶ 63-64).  On February 28, 1982, the Commonwealth dismissed the charges against Graham without prejudice.  (2d Am. Compl. ¶ 68).

In 2001, KSP Detective Brad Stevenson ("Stevenson") began investigating the Williams murder.  (2d Am. Compl. ¶ 88).  Stevenson presented evidence to the KSP Laboratory for testing which revealed two sources of semen and DNA found on vaginal swabs taken from Williams.  (2d Am. Compl. ¶ 89).  In 2006, KSP detectives Silfies and Smith took over the investigation.  (2d Am. Compl. ¶¶ 91-92).  In October 2008, Graham was retried for the murder and rape of Williams.  (2d. Am. Compl. ¶¶ 96-98).  He was convicted and sentenced to 40 years in prison of which he ultimately served 9 years. (2d Am. Compl. ¶¶ 98-99).  On December 26, 2019, the Todd Circuit Court granted the Commonwealth's motion to dismiss the charges against Graham.  (2d Am. Compl. ¶ 100).[1]  Graham alleges the Defendant officers—acting both alone and in concert—suppressed evidence indicative of Graham's innocence in the murder of Williams. (2d Am. Compl. ¶¶ 106-71).

Graham filed this action asserting claims under 42 U.S.C. § 1983 for malicious prosecution; Fourteenth Amendment due process violations; fabrication of false evidence in violation of the Fourth and Fourteenth Amendments; supervisory liability; failure to intervene; conspiracy to deprive his constitutional rights; and *Monell* liability.  (2d Am. Compl. ¶¶ 106-54).  He also asserted state law claims of malicious prosecution; negligent supervision; intentional infliction of emotional distress; and *respondeat superior* liability.  (2d Am. Compl. ¶¶ 155-71).  Graham asserted his claims against, *inter alia*, the Estates of Silfies, Morris, and Albro.  (*See* Compl. 1, DN 1).  The Estates of Silfies and Morris moved to dismiss, arguing Graham's Section

---

[1] The Second Amended Complaint does not elaborate on the basis of the Commonwealth's motion.

1983 malicious prosecution claims did not survive the deaths of the Defendants under KRS 411.140 and that his claims were time-barred. (Def.'s Mot. Dismiss 4-5, DN 34; Def.'s Mot. Joinder, DN 36). The Court granted the motion. (Mem. Op. & Order 14, DN 46).

Graham died, and his administrator, Brenda Graham ("Plaintiff"), was substituted as Plaintiff. (Order 1, DN 69). The Estate of Vernon Albro (the "Albro Estate") now moves to dismiss Plaintiff's claims against it.

## II. JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented. The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III. DISCUSSION

In addition to responding to the Albro Estate's motion, Plaintiff moves for reconsideration of its ruling of the motions to dismiss filed by the Estates of Silfies and Morris. (Pl.'s Resp. Def.'s Mot. Dismiss & Mot. Recons. 1, DN 77 [hereinafter Pl.'s Resp. & Mot.]).

### A. The Albro Estate's Motion to Dismiss (DN 71)

#### 1. *Standard of Review*

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). A complaint falls short if it pleads facts that are "'merely consistent with' a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678-79 (citations omitted). The allegations must "show[] [] that the pleader is entitled to relief." *Id.* at 677-78 (internal quotation marks) (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. *Analysis*

The Albro Estate's motion mirrors the grounds for dismissal discussed in the Court's dismissal of the claims against the Estates of Silfies and Morris: (1) Plaintiff's Section 1983 malicious prosecution claim did not survive Albro's death, and (2) Plaintiff's claims are time-barred. (*Compare* Def.'s Mot. Dismiss 3-6, DN 71, *with* Mem. Op. & Order 4-13). Even assuming for purposes of this motion that Plaintiff's Section 1983 claim for malicious prosecution survived Albro's death, Plaintiff's claims against the Albro Estate are time-barred.

"The statute of limitations for [Section] 1983 claims is the relevant state's statute of limitations for personal-injury torts." *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "The 'standard rule' is that the statute of limitations for [Section] 1983 claims begins to run when a 'plaintiff has a complete and present cause of action . . . .'" *Id.* (quoting *Wallace*, 549 U.S. at 388). Under Kentucky law there is a one-year limitations period for personal injury and malicious prosecution actions. KRS 413.140(a), (c).

The Todd Circuit Court dismissed the criminal prosecution against Graham on December 26, 2019. (2d Am. Compl. ¶ 100). Graham filed his initial complaint naming the Albro Estate as

4

a defendant on December 17, 2020. (Compl. 1). Plaintiff moved to re-open the Albro Estate in Christian District Court on April 29, 2021.[2] (Def.'s Mot. Leave Ex. 3, at 1, DN 59-3). Therefore, for the same reasons explained in the Court's dismissal of Plaintiff's claims against the Estates of Silfies and Morris, by the time Plaintiff opened the estates and amended the Complaint to name the administrator of the Albro Estate as a defendant, the statute of limitations had run. (Mem. Op. & Order 6-9).

Plaintiff does not argue that her claim relates back or that she is entitled to equitable tolling, but instead argues that the Court must apply federal common law because "[Section] 1983's goals of compensation and deterrence would be seriously frustrated if this Court were to apply state law to bar Plaintiff from bringing claims against the decedent Albro." (Pl.'s Resp. & Mot. 9). Plaintiff argues that application of Kentucky law "would have required Graham to bring his federal claims before they ever existed." (Pl.'s Resp. & Mot. 12). This argument is unpersuasive.

Plaintiff's argument is premised upon the notion that Albro's death before the criminal charges against Graham were dismissed frustrated her ability to assert her claims in a timely manner. (*See* Pl.'s Resp. & Mot. 6-14). This is not so. Albro's death is not relevant to the Court's analysis of timeliness except that his death created the need for Plaintiff to reopen the Albro Estate so that a legal entity would exist against whom Plaintiff could assert her claims. Plaintiff did not do so until after the limitations period had elapsed.[3] Plainly, the idea that KRS 413.140 is

---

[2] "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

[3] The Court acknowledged the same in its dismissal of Graham's claims against the Estates of Silfies and Morris. (*See* Mem. Op. & Order 13 ("[T]here are absolutely no facts in any version of Graham's complaints to explain or justify why no action was taken to open the Estates before the statute of limitations had run.")).

inconsistent with federal law or policy is severely undermined by the Supreme Court's instruction that the statute of limitations in Section 1983 actions is "that which the State provides for personal-injury torts." *Wallace*, 549 U.S. at 387. Accordingly, Plaintiff's claims against the Albro Estate are barred by the statute of limitations.[4]

### B. Plaintiff's Motion to Reconsider (DN 77)

#### 1. *Standard of Review*

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)." *Peach v. Hagerman*, No. 4:22-CV-000133-RGJ, 2023 WL 5192058, at *1 (W.D. Ky. Aug. 11, 2023) (footnote omitted) (quoting *McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019)). "When 'there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice,' reconsideration may be justified." *Id.* (quoting *McCormack*, 2019 WL 4757905, at *2). "Such motions are 'not intended to re-litigate issues previously considered

---

[4] The statute of limitations for a claim of intentional infliction of emotional distress is five years. *Wright v. Swigart*, No. 2016-CA-000854-MR, 2018 WL 565824, at *3 n.2 (Ky. App. Jan. 26, 2018) (citing *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984)). So, while this claim would technically not be time-barred, Kentucky law is clear that:

> [A] complaint cannot be saved from limitations by pleading intentional infliction of emotional distress to reach the longer statute when the facts support a claim for a more traditional personal injury tort with mental pain and suffering as part of the damages rather than severe emotional distress caused by outrageous conduct.

*Shaw v. Handy*, 588 S.W.3d 459, 461-62 (Ky. App. 2019) (quoting *Childers v. Geile*, 367 S.W.3d 576, 582-83 (Ky. 2012)). The facts alleged to support Plaintiff's claim of intentional infliction of emotional distress are not separate from those supporting her Section 1983 and state law malicious prosecution claims. (*See* 2d Am. Compl. ¶¶ 164-68). Accordingly, dismissal is appropriate. *See Shaw*, 588 S.W.3d at 462 (dismissing the plaintiffs claim for intentional infliction of emotional distress because it was based on the same facts supporting her time-barred claims for excessive force, assault, battery, and negligence).

by the Court or to present evidence that could have been raised earlier.'" *Id.* (quoting *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009)). "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir 2007)) (discussing Fed. R. Civ. P. 59(e)); *see also EEOC v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) ("[T]he standards governing Rules 59(e) and 54(b) are similar.").

    2.    *Analysis*

Plaintiff argues that, in light of the Sixth Circuit's recent decision in *Price v. Montgomery County*, 72 F.4th 711 (6th Cir. 2023), the Court should reconsider its ruling on the motions filed by the Estates of Silfies and Morris. (Pl.'s Resp. & Mot. 1). In *Price*, the Sixth Circuit held that "malicious prosecution claims under [Section] 1983 are not the types of malicious prosecution tort claims that might abate under [KRS 411.140]." *Price*, 72 F.4th at 719. While *Price* does appear to contradict the Court's ruling on these motions to dismiss with respect to whether Plaintiff's Section 1983 malicious persecution claim would survive the deaths of Silfies and Morris, Plaintiff makes no argument that *Price* would have any effect on the Court's conclusion that her claims are time-barred. Instead, Plaintiff raises a new argument, addressed above, that Kentucky's one-year statute of limitations must be ignored because it frustrates Plaintiff's efforts to vindicate Graham's constitutional rights. (*See* Pl.'s Resp. & Mot. 8). For the reasons explained above, this argument is not well-taken. Further, a motion for reconsideration is not an avenue for a party to raise new arguments. *See Bank of Ann Arbor*, 563 F. App'x at 476 (quoting *Roger Miller Music*, 477 F.3d at 395). Accordingly, the motion for reconsideration is denied.

Case 1:20-cv-00210-GNS-HBB   Document 92   Filed 04/03/24   Page 8 of 8 PageID #: 678

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 71) is **GRANTED**, and all claims against the Estate of Vernan Albro are **DISMISSED**.

2. Plaintiff's Motion for Reconsideration (DN 77) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 3, 2024

cc: counsel of record

8