```
                    COMMONWEALTH OF KENTUCKY
                       TODD CIRCUIT COURT
                     CASE NO. 07-CR-00001
```

ENTERED
DEC 26 2019
TODD CO CIRCUIT/DISTRICT CT.
BY: J. Mark Cowherd  D.C.

COMMONWEALTH OF KENTUCKY                            PLAINTIFF

VS.            **ORDER DISMISSING INDICTMENT**

NORMAN GRAHAM                                       DEFENDANT

* * * * *

The Kentucky Court of Appeals affirmed the Order of this Court granting a new trial. That decision is now final. At the pretrial conference, the Commonwealth made a motion to dismiss this case without prejudice as allowed by RCr 9.64. Much has been written about this case as documented in the record with this Court and the appellate courts. It will not be necessary to revisit the circumstances of the case in any detail now.

The legal standard applied to a motion to dismiss is straightforward. The prosecutor is "the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of [this] discretion with respect to the termination of pending prosecutions should not be judicially disturbed *unless clearly contrary to manifest public interest.*" Hoskins v. Maricle, 150 S.W.3d 1, 20 (2004) (quoting, with emphasis added, from US v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975)).

1

GRAHAM 000239

The Court's discretion is so limited for prosecutorial dismissal of cases due to constitutional separation of powers. The prosecutor is part of the executive branch and is responsible to make decisions about proceeding with criminal cases. The Court is part of the judicial branch with the duty to preside over cases brought for action by the executive branch. The Kentucky Constitution has perhaps the strongest separation of powers provisions in the nation. Hoskins, supra, at 11. Indeed, two of the seven justices in Hoskins believed the courts should have no say in a decision not to prosecute. Id. at 27-38.

The current Commonwealth's Attorney, Neil Kerr, who had no part in the prior proceedings in this case, carefully reviewed the entire record in this case and considered the wishes of the family of the murder victim. They have stated they do not wish to go through the trial process again. It is entirely reasonable and appropriate for a prosecutor to dismiss a case when further developments, such as compelling new and exculpatory evidence, come to light. When an assessment of the evidence reveals an unlikelihood of conviction with the proof standard of beyond a reasonable doubt, dismissal is appropriate. Mr. Kerr is to be commended for his thoughtful work before making the motion.

It cannot be fairly said by anyone that these circumstances present a dismissal clearly contrary to the manifest (in other

GRAHAM 000240

words – obvious) public interest. With the exceptional number of persons offered over the years as potential perpetrators of this murder and the evidence of someone other than this Defendant having committed the murder, we may never know who committed this crime. People may have firm opinions about it, but opinions are not enough for a conviction. The dismissal being without prejudice preserves the potential for further proceedings if a truly extraordinary development justifies them.

    This case is dismissed without prejudice.

Ordered this 18th day of December 2019.

_____
SPECIAL JUDGE, TODD CIRCUIT COURT

3

GRAHAM 000241